# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| HAMILTON & COMPANY, CERTIFIED PUBLIC ACCOUNTANTS, a Montana Corporation; MANHATTAN MIDTOWN LLP, a Montana LLP; MONTANA HISTORICAL RESEARCH LIBRARY INC., a Montana Corporation; THREE FORKS APARTMENTS LLP, a Montana LLP; STEVEN S. HAMILTON, and ROBIN H. HAMILTON, <br><br> Plaintiffs, <br><br> vs. <br><br> MONTANA RAIL LINK, INC., a Montana Corporation; THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; and DOES 1-10, <br><br> Defendants. | CV-16-31-BU-BMM <br><br> **ORDER** |

This case arises from a flood that occurred in Manhattan, Montana in March of 2014. Flood waters caused damage to the Plaintiffs' property. Plaintiffs allege that Defendants are liable for the flood damage because they failed to properly design, construct, and maintain their railroad property in Manhattan. Plaintiffs pursue claims for Defendants' negligence, and for violating their right to a clean

and healthful environment under Article II, Section 3 of the Montana Constitution. Plaintiffs request an award of compensatory damages.

Plaintiffs filed this lawsuit in the Montana Eighteenth Judicial District Court, Gallatin County on March 4, 2016. (Doc. 1-1). Defendant Montana Rail Link, Inc. (Montana Rail Link) removed the action here. (Doc. 1). Defendant Burlington Northern and Santa Fe Railway Company (BNSF) consented to the removal. (Doc. 1 at 6). Montana Rail Link argued that removal was appropriate because Plaintiffs' state law claims were preempted completely by the Interstate Commerce Commission Termination Act of 1995 (Termination Act), 49 U.S.C. §§ 10101, *et seq*. (Doc. 1 at 3-5).

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on January 31, 2017. (Doc. 34). Judge Lynch recommended that this action be remanded to state court for lack of federal jurisdiction. (Doc. 34 at 21). Judge Lynch determined that federal jurisdiction did not exist because the Termination Act did not preempt completely Plaintiffs' state law claims. No party has filed an objection to Judge Lynch's Findings and Recommendations.

No review is required of proposed findings and recommendations to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1986). The Court

has reviewed Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

Complete preemption is a jurisdictional doctrine. *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013). Complete preemption "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim" with a federal cause of action. *Id*. When a federal cause of action exists that completely preempts a state law cause of action, any state law claim that falls within the scope of the federal cause of action is considered federal in nature and is removable under 28 U.S.C. § 1441(b). *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Complete preemption rarely occurs. *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014). The United States Supreme Court has recognized only three instances of complete preemption: 1) Section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132; 2) Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185; and 3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86. *Id*. The complete preemption

doctrine applies only where a federal cause of action exists for the plaintiffs' state law claims. *Dennis*, 724 F.3d at 1254. If no cognizable federal cause of action exists for the plaintiffs' state law claims, complete preemption jurisdiction does not exist and the state law claims may not be removed to federal court under 28 U.S.C. § 1441(b). *Id.*; *see also Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003).

Judge Lynch determined that complete preemption jurisdiction did not exist in this case because no provision of the Termination Act provided a federal cause of action for Plaintiffs' state law claims for flood damage. (Doc. 34 at 17-20). This Court agrees. The removal of this case fails for lack of jurisdiction. Remand to state court is appropriate.

Accordingly, IT IS ORDERED:

This case is remanded to the Montana Eighteenth Judicial District Court, Gallatin County, for lack of jurisdiction.

DATED this 21st day of March, 2017.

_____
Brian Morris
United States District Court Judge